Filed 6/13/23 P. v. King CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097221 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F08209) |
| v. | |
| JERRY LEE KING, | |
| Defendant and Appellant. | |

Defendant Jerry Lee King appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1] Counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 or *People v. Wende* (1979) 25 Cal.3d 436 and requesting that we exercise our discretion to review the entire record for

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

arguable issues on appeal. We notified defendant that he had 30 days in which to file a supplemental brief raising any argument he wanted this court to consider. In his supplemental brief, defendant invites this court to independently review the facts of his case, arguing that they fail to establish beyond a reasonable doubt that he acted with malice aforethought or intent to kill. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, a jury found defendant guilty of first degree murder (§ 187, subd. (a)) and found true that he personally used a firearm. (§ 12022.53, subds. (b)-(d).) The trial court sentenced defendant to state prison for 50 years to life. We affirmed the judgment in 2015. (*People v. King* (May 28, 2015, C076545) [nonpub. opn.].)

In April 2022, defendant filed a petition for resentencing under section 1172.6. The trial court appointed counsel and the parties submitted briefing. In October 2022, the trial court denied defendant's petition, finding he was ineligible for relief as a matter of law because the jury was not instructed on a theory of murder that is now invalid pursuant to the changes to sections 188 and 189 implemented by Senate Bill No. 1437 (Reg. Sess. 2017-2018) (Senate Bill 1437). (Stats. 2018, ch. 1015, § 1(f).)

Defendant timely appealed.

## DISCUSSION

A.    *Legal background*

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, §1(f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime

2

shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Senate Bill 1437 also added section 1172.6, which allows those convicted of attempted murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

B.    *Analysis*

Defendant argues in his supplemental brief that he is entitled to relief because the evidence establishes that he did not act with malice aforethought. Defendant argues that he was a first responder, performed CPR on the victim, and called 911. In addition, defendant argues that the trajectory of the bullet that killed the victim showed the victim was tackling defendant at the time of the killing.

We decline defendant's invitation to reweigh the evidence that the jury already considered when it found him guilty of first degree murder. (See *People v. Lewis, supra*, 11 Cal.5th at p. 972 [although a court should consider the record of conviction in determining whether defendant has made a prima facie showing of relief, it should not weigh evidence].) Given that defendant has offered no evidence disputing the trial court's finding that the jury instructions established that the jury could not have found

3

defendant guilty of murder based on a theory of vicarious liability, we find no error in the trial court's holding that defendant was ineligible for relief.

DISPOSITION

The trial court's order is affirmed.



      KRAUSE     , J.


We concur:


     ROBIE     , Acting P. J.


     EARL     , J.

4